

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2009

# Thomas Stubler v. Norman Ross

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Thomas Stubler v. Norman Ross" (2009). *2009 Decisions.* Paper 1401.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1401

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-2129

———

THOMAS G. STUBLER;
BETH B. STUBLER

v.

NORMAN C. ROSS;
AMY BELL ROSS

Norman C. Ross,
Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No.4-06-cv-01305)
District Judge: Hon. Malcolm Muir

———

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2009

Before:  SCIRICA, Chief Judge, SLOVITER, and FISHER, Circuit Judges

(Filed: May 5, 2009)

———

OPINION

SLOVITER, Circuit Judge.

Appellant Norman C. Ross appeals the District Court's order mandating specific performance of a contract for the sale of land to appellees Thomas and Beth Stubler.[1]

**I.**

Because we write primarily for the parties, our recitation of the facts is brief. In 1993, the First National Bank of Danville, as trustee of Kathryn Blecher, executed a deed that conveyed to Ross and his two brothers, Clark Ross ("Clark") and Donald Ross ("Donald"), as tenants in common, property in Liberty, Mahoning, and Valley Townships, Montour County, Pennsylvania. This deed was recorded in the Montour County Record Book 167 at page 571. At the time of the conveyance, the exact boundaries of the property were unclear. They remain so.

In 1997, all three Ross brothers sold to the Stublers about 414 acres of the land conveyed under the 1993 deed in Mahoning and Valley Townships. In October 2005, Ross and Clark entered into negotiations to sell their property in Liberty Township to the Stublers. Donald did not join that transaction. Pursuant to a written agreement of sale executed on December 30, 2005, the Stublers purchased the "sellers' interest in [tax assessment] Parcel # 4-21-44 [actually 4-20-44], 4-21-49 and 4-21-51" in Liberty Township, Montour County, Pennsylvania, Zip code 17821, for $400,000 ($200,000 per

_____

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291.

2

brother).[2] App. at 73. The property was further identified as "[p]art of parcel # 4-21-44 [sic], 4-21-49 and 4-21-51 as described in deed book 167 page 571." App. at 73. The parties' dual real estate agent stated at her deposition that she used the phrase "part of parcel" because Ross and Clark lacked full ownership of the land sold.

The Montour County tax assessor's office estimated that the three tax parcels subject to the agreement contained approximately 601 acres. However, presumably because of persistent uncertainty regarding the accuracy of that figure, the Stublers had the right under the agreement to survey the property and to terminate the agreement if the actual boundaries were not acceptable. Otherwise, settlement was scheduled for May 30, 2006.

However, after the Stublers surveyed the parcels and indicated their readiness to close on the agreement, Ross refused to complete the conveyance. Clark, on the other hand, did so, and the Stublers now possess his interest in the property. The Stublers are willing and able to close on Ross' interest.

The Stublers then brought an action against Ross[3] in Pennsylvania state court for specific performance and damages. Ross removed the case to the District Court. After

---

[2] We note that Ross "elected not to make an issue of the fact that one (1) of the three (3) parcels was misidentified as 4-21-44 instead of 4-20-44." App. at 21 (quotation omitted).

[3] The complaint also named Ross' now ex-wife, Amy Ross, as a defendant, but the Stublers have voluntarily dismissed their claims against Amy Ross with prejudice.

3

the parties made cross-motions for summary judgment, the District Court ordered specific performance. The Court rejected Ross' argument that the agreement was invalid under Pennsylvania's Statute of Frauds, 33 Pa. Cons. Stat. § 1 *et seq.* The District Court also rejected Ross' argument that specific performance was inappropriate because the Stublers failed to prepare an appropriate deed as required by the agreement because Ross' breach excused the Stublers' nonperformance.

Ross subsequently moved for reconsideration, which the District Court denied. The Stublers then dismissed their claims for monetary damages against Ross. Therefore, the District Court entered a final order mandating specific performance of the agreement. Ross timely appeals.

## II.

Ross argues that the District Court erred in ordering specific performance because the agreement failed to describe sufficiently the property to be sold and therefore was unenforceable under Pennsylvania's Statute of Frauds. We disagree.

First, Ross contends that the agreement "is completely devoid of any description of the subject matter [of the agreement]." Appellant's Br. at 23. However, the agreement identifies the property to be sold as the "sellers' interest in Parcel # 4-21-44 [sic], 4-21-49 and 4-21-51" in Liberty Township, Montour County, Pennsylvania, Zip code 17821. App. at 73. Although this description does not contain the exact metes and bounds of the property to be conveyed, "a description is adequate if it would enable a competent

surveyor to find and identify the land with the aid only of the description itself and of proper extrinsic facts referred to in the agreement." *Wills v. Young*, 255 F.2d 65, 67 (3d Cir. 1958); *see also Suchan v. Swope*, 53 A.2d 116, 118 (Pa. 1947) ("[P]arol evidence to describe the land intended to be sold is one thing, and parol evidence to apply a written description to land is another and very different thing, and for that purpose is admissible." (quotation omitted)). Thus, we agree with the District Court that use of "the tax parcel numbers provides an adequate reference point" to identify the property. App. at 24; *cf. Suchan*, 53 A.2d at 118 (collecting cases, including several in which reference to street addresses were deemed sufficient to identify property conveyed).

Ross argues that this conclusion is undermined by the fact that the agreement also identifies the property to be sold as "[p]art of parcel # 4-21-44 [sic], 4-21-49 and 4-21-51 as described in deed book 167 page 571," App. at 73, because the referenced deed includes different, older tax parcel numbers and also includes other property not subject to the agreement at issue. That is, this court "must determine what Liberty Township real estate in [the deed] is described by the three tax parcels . . . without 'supplying' for the parties the description they themselves omitted from the agreement." Appellant's Br. at 27. That is easily done: the land to be conveyed is that contained in the tax parcels referenced in the agreement, nothing more and nothing less.

Finally, Ross contends that the phrase "part of parcel" within the agreement indicated that, if the Stublers' survey of the property demonstrated that the tax assessor

5

underestimated the acreage in the tax parcels, then Ross would be required to convey only 600 acres (i.e., an amount equal to the assessor's estimate). Moreover, Ross contends that this interpretation of the phrase "part of parcel" would render the agreement unenforceable under the Statute of Frauds because nothing in the agreement identified what specific portion of the parcels would be conveyed.

However, we agree with the District Court that this argument is without merit because nothing in the agreement indicates that the parties contemplated a conveyance of less than Ross' entire ownership interest in the parcels. Moreover, to the extent that parol evidence is admissible to resolve any ambiguity in the meaning of the phrase "part of parcel," that evidence contradicts Ross' interpretation. Most significantly, the parties' dual real estate agent testified at her deposition that she included the phrase "part of parcel" in the agreement to make clear that Ross and Clark did not possess the entire ownership interest in the parcels. Indeed, this interpretation is consistent with the agreement's earlier definition of the property to be conveyed as the "sellers' interest" in the parcels, rather than outright ownership.

In sum, we agree with the District Court that the agreement sufficiently identified the property to be sold and therefore complied with Pennsylvania's Statute of Frauds.

**III.**

For the above-stated reasons, we will affirm the judgment of the District Court.

6